LEIFITELE S. SOTOA and Members of the Sotoa Family, Plaintiffs

v.

SOTOA S. SAVALI and Members of the Sotoa Family, Defendants

[In the Matter of the Matai Title "SOTOA" in the Village of Ta'u]

High Court of American Samoa
Land & Titles Division

MT No. 3-86

July 7, 1988

Before KRUSE, Associate Justice, TAUANU'U, Chief Associate Judge, AFUOLA, Associate Judge, TUIAFONO, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Plaintiffs, Charles Ala'ilima
For Defendants, Tau'ese P. Sunia

This matter came on for further hearing before the Lands & Titles Division upon remand from the Appellate Division in <u>Sotoa v. Sotoa</u>, 6 A.S.R.2d 91 (1987). A clear summary of the background to this case is outlined in the Appellate Division's decision entered November 11, 1987 and we do not propose to restate that background here. It is sufficient for our purposes to note that while the trial court's decision denying a petition to remove Sotoa Savali from his title was upheld, the Appellate Division did modify so much of that decision as follows:

> 1. The petition will be denied insofar as it seeks the removal of the Sotoa title from Sotoa Savali.
>
> 2. Insofar as some petitioners may be genuinely concerned that Sotoa Savali has not yet complied with the traditional requisites for assumption of the Sotoa title, however, the petition has merit.
>
> 3. Sotoa Savali must therefore act with all deliberate speed to organize the family and to assume the Sotoa title in accordance with custom.
>
> 4. Sotoa is further directed to use his best efforts to effect a genuine

reconciliation among all members of the
family, including Sinapati and those who
have supported him.

5. All parties to this action and all
those acting in concert with them are
enjoined from interfering in any way with
the exercise by Sotoa Savali of the
rights and functions appurtenant to the
Sotoa title, and are further enjoined to
co-operate with him insofar as their co-
operation is a traditional prerequisite
to the exercise of such rights and
functions. This injunction includes but
is not limited to an absolute prohibition
of the use of the Sotoa title or of the
exercise of any of its functions or
perquisites by any other person.

Id., 6 A.S.R.2d at 96.

The Appellate Division further Ordered that:

6. The case is remanded to the trial
court with instructions to hold a hearing
in about six months to determine whether
the parties have complied with this
judgment and to take such further action
as is appropriate at that time.

Id. Consistent with our mandate, a hearing
was held on June 8, 1988.

## DISCUSSION

Defendant/Appellee, Sotoa Savali, related a
diary of his actions since the date of the
appellate court's decision and we find that he had
done as follows:

That shortly after his personal receipt of the
appellate court's decision, he had gathered at his
residence in Tafuna those members of the Sotoa
family in his support to review and discuss the
said decision and its requirements. This meeting
concluded with the consensus that Sotoa Savali
should first seek conciliation with plaintiff/
appellant Sinapati Sotoa.

Immediately, Sotoa Savali made several
attempts to contact Sinapati Sotoa who proved to be

12

elusive and difficult to contact even to the appearance of engaging in the nursery game of "hide and seek." When the latter's household in Manu'a would advise his absence there and presence on Tutuila, his Tutuila household members would at the same time advise that Sinapati was in Manu'a. The same sort of response was received from a fellow employee of Sinapati's in Manu'a when his office was called. On another occasion when calling at 6:00 a.m. Sotoa Savali testified that he finally reached Sinapati by telephone at his home. After Savali had been asked who was calling and had identified himself, the answering voice he knew to be Sinapati's stated that Sinapati had travelled to Tutuila.

It was not until the first week of December, 1987 that Sotoa Savali was finally able to physically confront Sinapati because both had responded to a district meeting called by Senators Tufele and Lefiti concerning hurricane relief demands sought by the people of Manu'a. Venue for this meeting was the Fono guest house on Tutuila. At the conclusion of this meeting Sotoa Savali requested of Sinapati the opportunity to meet and discuss the family's situation. The meeting was cordial but Sinapati advised that they would get together at a more suitable time and to contact him another day.

Sotoa Savali at this period of time was operating under a timetable suggested by the family members in his support for a meeting of the family in Manu'a for the month of January 1988. Subsequent to the brief discussion with Sinapati, Sotoa Savali travelled to Manu'a on or about December 17, 1987. Sinapati was not available, being at work. However, Sotoa managed to get hold of Talking Chief Togotogo, the senior orator of the Sotoa family. He took up with Togotogo the wording of an appropriate public notice for the family meeting, seeking his suggestions as to time and venue. On venue of the meeting Sotoa inquired of Togotogo's guest house, this being the only structure within the family that would reasonably accommodate a family gathering. Togotogo advised that it would be made available; however, on the timing of the meeting and wording of the notice, Togotogo suggested that Sotoa Savali work out the wording himself and that Togotogo as the signatory to the notice would review the draft at another day. Sotoa Savali departed that day for Tutuila

13

and left word that he would attempt to contact Sinapati the following. The attempt to contact Sinapati the next day was the 6:00 a.m. call we mentioned above.

Sotoa Savali visited and talked to various family members and elders regarding the proposed meeting. He was cordially received even by Sinapati's immediate relatives. He was counseled by some of the elders however that reconciliation can only be achieved if there is first a reconciliation with those family members living in Manu'a --- Sinapati and those in his support.[1] This of course was difficult to approach given the lack of enthusiasm exhibited by Sinapati and his faction.

Sotoa Savali's next meeting with Talking Chief Togotogo regarding the notice revealed a change of heart in the orator. He declined to be the signatory to the announcement and although he attempted to dissuade Sotoa Savali from the use of his house as venue for the meeting, he nonetheless was open to the use of his house. Sotoa then sought the counsel of Talking Chief Atiu, a ranking orator in the district, who advised him that a family meeting would be more appropriate in the month of February, 1988. The month of January not only involved the events of the New Year but a memorial service on the anniversary of the hurricane Tusi had been scheduled by the district council for January 17, 1988. The advice was heeded.

For the two weeks prior to the appointed day for the family gathering, a notice under the name of Sotoa Savali was regularly broadcast over the radio station. Sotoa testified that in the

---

[1] Evidently since the appellate proceedings, Sinapati Sotoa has established Ta'u as his primary place of residence and employment. This fact was not apparent on the record before the Appellate Division. Among the arguments advanced against Sotoa Savali was that he had not moved to Ta'u which is the historic seat of the Sotoa title. In response Sotoa Savali pointed out that indeed most of the family including the leaders of the litigation all resided in Tutuila and would only return to Ta'u for ceremonial occasions.

meanwhile he was assured by certain orators that Sinapati would attend the meeting and he made no further attempts to contact Sinapati.

Those members of the family who had travelled to Manu'a for the meeting found the hospitality uncharacteristic. The expected venue for the family meeting was temporarily secured from entrance with roofing iron and Talking Chief Togotogo was conspicuously absent. The meeting was in fact conducted in a makeshift tent shelter, and while some of the family members resident in Manu'a attended the meeting, Sinapati and his resolute supporters stayed away. It was learned (and confirmed on the witness stand by Togotogo) that the absentees had their own prior family meeting which ended with the consensus to absent themselves.

Two matters of significance arose with the family gathering. One was the presentation of the ava cup to Sotoa Savali; and secondly the family was resolved before the programming of any further family affairs that a family guest house be first erected to avoid the further indignity of having to meet under a tent.

The testimony further revealed that the paperwork with plans and building permits had been secured and that a guest house was the first order of business before attempting a traditional installation of the title. This was the explanation (or as viewed by the other side, the excuse) given for postponement of a traditional installation.

The opposing testimony was not to the contrary save the rebuttal by Chief Lefiti to the extent that he had not previously discussed affairs of the family with Sotoa Savali as the latter had claimed. Chief Lefiti recalled several discussions with Sotoa but on matters unrelated to the family.

The evidence for plaintiff/appellants focussed not on Sotoa's actions and attempts to organize the family and assume the title Sotoa, but rather upon the results of those actions as they viewed them.

The merit of their argument is beyond our mandate. Even so, there is absolutely no rational appeal to the argument which in essence states: that defendant is unqualified as the matai because

15

he has not achieved harmony within the family, the proponents of the argument themselves being antithetical to such harmony. The evidence was patently clear to this effect and outstandingly disastrous to plaintiffs/appellants' cause was witness Malila Tunupopo's display of obstinacy with gross exaggeration on the witness stand as well as Talking Chief Togotogo's open inclination to defy court orders.[2]

These witnesses made clear that any attempts at harmony would be meaningless at the outset with this faction. Certainly in terms of Sotoa Savali's efforts, this hearing has affirmed what the Appellate Division alluded to as "obstructionist" tactics on the part of plaintiffs/appellants.

Connected to this argument of qualification is the claim that Sotoa Savali would not achieve formal recognition by the village and district (the "faletolu") whereas his opponent Sinapati has. In Chief Galea'i's testimony, he likened the current situation of the family's title within the village, county, and district to that of a baseball being parlayed back and forth among a number of players.

While the allegorical reference impresses the point that family dignity has suffered greatly, yet the Court finds itself without any evidence of any ameliorative action towards a restoration of that dignity from the side of plaintiff/appellants except for the naked alternative that: it is us or no one at all.

This family had failed in its primary duty to appoint a matai in accordance with custom. With the convenient availability of the judicial framework, the matter was taken to Court. Judicial proceedings involving matai title disputes have been statutorily circumscribed by the Fono. A.S.C.A. §§ 1.0401 et seq. The statute not only governs disputed claims to succession,[3] but also provides for removal of an incumbent from title for

---

[2] The orator was quick to point out that the Appellate Division's decision was not fully explained to him, significantly the injunctive provisions.

[3] A.S.C.A. § 1.0409.

16

cause.[4] In our review of the various criteria
exacted by the Fono for the Court's consideration
we find no legislative attempt whatsoever to
include within those criteria the consideration of
the views of the village council, the county
council, nor indeed the district council, except
possibly insofar as those views may be evidence of
facts relevant to issues properly before the Court.
To the extent that those views may be factually
relevant, they were given full consideration by the
trial court as well as by the Appellate Division in
review. Indeed the claim by Sinapati and his
followers that they had gained traditional
recognition was found by the appeal court as not
sustained by the record.

 ·Under our mandate, the views of the various
traditional councils are issues of fact properly
before us to the extent that any matai appointee,
whether by the family itself or as the result of
court decision, is required to undergo certain
customary requirements and formalities before there
is acceptance and recognition by the village to
which that title pertains. Certainly if the
evidence here revealed a wilful or purposeful
refusal by Sotoa Savali to comply with such
customary requirements then there is a basis for
relief in favor of plaintiff/appellants pursuant to
the Appellate Division's mandate. ( See Paragraph
three (3) of the Appellate Division's Order.)
Beyond that, however, we reject any possible
suggestion to the effect that there is some sort of
absolute veto power reposed with the traditional
council which may nullify the trial court's
conclusion in favor of another appointment in
accordance with the wish of the council. We find
no basis for such a contention within the pertinent
enactments.

 On the evidence before us we are unable to
find any wilful or purposeful failure on the part
of Sotoa Savali with regard to the requirements of
custom. The testimony tendered by Sinapati and his
followers with regard to custom was too obviously
biased. It varied from conclusionary statements
that custom was not followed to inconsistent
statements of what was in fact custom. For
example, the main point of contention given by
plaintiff/appellant was that Sotoa Savali is not

---

4 A.S.C.A. §§ 1.0411, 1.0412.

17

recognized according to custom because he has yet to be admitted to the "faleula." While we accept this as a requirement of custom in Manu'a we are unpersuaded that custom dictates the immediacy of this as prerequisite to recognition. The testimony was clear on a number of other instances regarding past and current matai appointees who have been given customary recognition pending admission to the faleula.

What in essence was being suggested to the Court was the selective enforcement of custom, and highlights the all too recurring tactic by disaffected litigants of canvassing their subjective views on custom as it suits their convenience. As noted by the Appellate Division:

> This Court has become all too familiar with the contention that a law enacted by the Fono can be violated or ignored whenever the person who does not like it claims that the law is contrary to custom or tradition.

Sotoa, supra, 6 A.S.R.2d at 94. This sorry attitude is viewed as even more wretched given the number of leading legislators who have come from the Sotoa family.

While we necessarily hold in the converse that Sotoa Savali's actions and attempts have sufficiently assured this Court of his definite plans to fully comply with the requirements necessary for customary recognition, and while we have not been persuaded on the immediacy of a traditional timetable for compliance, we are also mindful that such plans are not obviously free of the subjective. However, should Sinapati Sotoa and his followers continue to focus effort and energy to negate Sotoa Savali's plans for customary compliance and to impede the possibility of harmony within the family as a whole, then they cannot continue to be heard to complain. In these circumstances there is much wanting in the way of sincerity, if not honesty, with the continuing claim that there is no tranquility or dignity in the family and therefore the matai should be removed. Harmony involves more than the matai's efforts and on the facts before us the asserted lack in harmony among the family is not a fact which is attributable to the matai.

18

Finally, our record substantiates the finding that the injunctive provisions of the Appellate Division's Order were not followed by certain of the complainants and those in active concert with them. We are not able to find however at this point that there has been wilful disobedience as the testimony led us to the conclusion that the decision was not clearly explained to those family members comprising the plaintiffs/appellants. The misconception was readily apparent that the appellate remand was solely towards policing the matai and his attaining harmony within the family as well as his completing the customary requirements for title recognition within a six (6) month period. In a group setting where passion was evident, it takes merely one with erroneous impressions to influence the group with the wrong, albeit popular, interpretation. Energy was accordingly misplaced to hamper the matai from doing what he was ordered to do.

Certainly in this light plaintiff/appellants cannot be heard to complain. After their noncompliance with the Order to cooperate and not to interfere with the matai's attempts, the argument that the matai is afoul of the Order sounds rather empty in substance.

CONCLUSION

In response to our mandate, we find on the facts that:

(a) Sotoa Savali has undertaken with deliberate speed to organize the family and to assume the title Sotoa in accordance with custom.

(b) Sotoa Savali has used his best efforts to effect a genuine reconciliation among all members of the family including Sinapati and those who have supported him.

(c) There has been a definite failure on the part of Sinapati Sotoa and some of his supporters to observe the enjoined cooperation required of them under paragraph five (5) of the Appellate Division's Order.

(d) Plaintiff/appellants or some of them did not have the benefit of a full explanation of the extent of the decision of the Appellate Division.

19

The following Order is entered accordingly:

1. Counsel for plaintiffs/appellants shall cause to be properly and fully explained to each and every one of his clients including those in their active support and concert, the entire Opinion and Order of the Appellate Division entered November 10, 1987 in <u>Leifitele Sinapati Sotoa and Members of the Sotoa Family v. Sotoa S. Savali et al.</u> AP. No. 20-86.

2. Counsel shall within 60 days of date hereof certify in writing to the Court the names and addresses of those individuals given an explanation as above ordered.